# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| FUOMA ALI | : |
| 10 Torrington Ln. | :    CIVIL ACTION |
| Willingboro, NJ 08046 | : |
| | :    CASE NO.: _____ |
| Plaintiff, | : |
| | : |
| v. | :    **JURY TRIAL DEMANDED** |
| | : |
| UNITEK GLOBAL SERVICES, INC. | : |
| 2010 Renaissance Blvd. | : |
| King of Prussia, PA 19406 | : |
| and | : |
| UNITEK USA, LLC | : |
| 2010 Renaissance Blvd. | : |
| King of Prussia, PA 19406 | : |
| and | : |
| HUTCHINS TELECOM SOLUTIONS, LLC | : |
| 1281 E Blue Lick Rd. | : |
| Shepherdsville, KY 40165 | : |
| and | : |
| GRAYCLIFF ENTERPRISE | : |
| SOLUTIONS, LLC | : |
| 3302 Old Battleground Road | : |
| Greensboro, NC 27410 | : |
| and | : |
| GRAYCLIFF ENTERPRISE, INC. | : |
| 3302 Old Battleground Rd. | : |
| Greensboro, NC 27410 | : |
| | : |
| Defendants. | : |

_____:

## CIVIL ACTION COMPLAINT

Plaintiff, Fuoma Ali (hereinafter referred to as "Plaintiff" unless indicated otherwise), hereby complains as follows against Unitek Global Services, Inc., Unitek USA, LLC, Hutchins Telecom Solutions, LLC, Graycliff Enterprise Solutions, LLC, and Graycliff Enterprise, Inc. (hereinafter collectively referred to as "Defendants"):

## INTRODUCTION

1.      Plaintiff initiates the instant action to redress violations by Defendants of Title VII of the Civil Rights Act of 1964, ("Title VII" – 42 U.S.C. §§ 2000d *et. seq.*), the Pregnancy Discrimination Act ("PDA"), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants citizens of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under the Title VII/PDA and has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the Pennsylvania Human Relations Act once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant Title VII and PDA claims identically.

Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant Unitek Global Services, Inc. and Defendant Unitek USA, LLC (hereinafter collectively referred to as "Defendant Unitek") are, upon information and belief, the same company engaging in the business of engineering, construction management and installation fulfillment services to companies in telecommunications, broadband cable, and satellite industries.

9.      Defendant Hutchins Telecom Solutions, LLC (hereinafter referred to as "Defendant Hutchins") is a division of Defendant Unitek providing communications infrastructure and related services for leading telecommunications services firms.

10.      Defendant Graycliff Enterprise Solutions, LLC and Defendant Graycliff Enterprises, Inc. are, upon information and belief the same company (hereinafter collectively referred to as Defendant Graycliff). Defendant Graycliff is a division of Defendant Unitek offering system design, engineering, and construction to cable, telecommunication, and utility companies.

11.      Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer

for purposes of the instant action. By way of specific example (but not intending to be an exhaustive list):

a.  Defendant Unitek lists Defendant Hutchins and Defendant Graycliff as "Companies" on its website;

b.  Defendant Hutchins and Defendant Graycliff do not have independent websites and instead advertise their services through Defendant Unitek's website;

c.  Plaintiff's former manager, Martin Reilly, indicated in a reference letter he drafted for Plaintiff following her termination that Plaintiff was employed with "Unitek Global Services" but that she "supported two Divisions within Unitek Global Services – Graycliff Enterprises, based out of North Carolina, and Hutchins Telecom, based out of Kentucky;"

d.  Plaintiff's former manager, Sue Pendleton, currently lists herself on LinkedIn as "Division Financial Controller" at "Unitek Global Services;" however, several emails received by Plaintiff during her employment from Pendleton indicate that she was the Division Controller of Defendant Hutchins;

e.  Plaintiff's offer letter was from "Unitek Global Services," but the entity listed on Plaintiff's paystubs varied between Defendant Hutchins and "Unitek Payroll Services;" and

f.  Plaintiff's work email while employed with Defendant identified her as a "Staff Accountant" for "Unitek Global Services," even though she performed work for Defendant Hutchins and Defendant Graycliff.

12.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

13.     Defendants are "employers" within the meaning of the Title VII/PDA because, at all times relevant herein, Defendants have employed at least fifteen (15) or more employees for at least 20 weeks during each calendar year of Plaintiff's employment with Defendants.

## FACTUAL BACKGROUND

14.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15.     Plaintiff is female.

16.     Plaintiff was hired by Defendants on or about September 23, 2019, as Staff Accountant at Defendant's King of Prussia, PA location.

17.     Plaintiff's primary responsibility while employed with Defendants was to provide accounting support for two divisions of Defendant Unitek's enterprise, Defendant Hutchins and Defendant Graycliff.

18.     Because Plaintiff supported multiple divisions within Defendant Unitek, Plaintiff reported to several individuals within Defendants' management, including Martin Reilly (Division Controller – hereinafter "Reilly"), Sue Pendleton (Division Controller – hereinafter "Pendleton"), and Melissa Mayer (Division Controller – hereinafter "Mayer").

19.     During her employment with Defendants, Plaintiff reported to Reilly for matters related to Defendant Graycliff and Defendant Hutchins.

20.     Plaintiff typically reported to Mayer for matters primarily related to Defendant Graycliff.

21.    And in January of 2020, Plaintiff began to report to Pendleton primarily for matters related to Defendant Hutchins.

22.    Throughout her employment with Defendants, Plaintiff was a dedicated and hard-working employee who performed her job well.

23.    In or about January of 2020, Plaintiff informed Reilly that she was pregnant.

24.    Plaintiff had also apprised Pendleton of her pregnancy in her first trimester, as they discussed Plaintiff's morning sickness associated with her pregnancy.

25.    After apprising Defendant's management of her pregnancy, Pendleton began to subject Plaintiff to hostility and animosity, which included but was not limited to (1) talking down to Plaintiff; (2) criticizing Plaintiff's work in emails and other messages (as Pendleton worked remotely from Kentucky); and (3) sending her messages/emails that were very abrupt, accusatory, and belittling.

26.    Despite Pendleton's discriminatory behavior after learning of Plaintiff's pregnancy, Plaintiff was given her 2019 Performance Review on March 31, 2020, wherein Plaintiff was rated a "3" (Meet Expectations) in every category and was given positive feedback regarding her performance. Plaintiff was also led to believe, through commentary given by Defendants' management in her Performance Review, that she would continue to be a part of Defendants' workforce throughout 2020.

27.    For example, Reilly provided the following information on Plaintiff's 2019 performance evaluation:

> Overall, Fuoma has met expectations in her role and has been a valuable asset to the team. She picked up most of her tasks very quickly and is able to manage them independently. She is very proactive in looking for additional work to take on when she has the capacity to do so. In 2020, Fuoma should look for opportunities to further

her knowledge of the business, as well as get involved outside of journal entries and reconciliations.

28.     By way of further example, Defendants' Vice President of Operations also commented on Plaintiff's aforesaid Performance Review, stating: "Thank you for the hard work this year, Fuoma. It is always tough to get comfortable in a new position, and you did so all while your manager was not consistently available to you. Looking forward to a great 2020."

29.     Shortly after receiving her 2019 Performance Review, Reilly randomly approached Plaintiff about what her "plan was for handling [her] pregnancy," to which Plaintiff informed Reilly that she intended to work up until her due date in August of 2020, and then take maternity leave. Reilly simply said "ok" without any further follow up or explanation as to why he was inquiring about such information.

30.     On or about May 1, 2020, in close proximity to Plaintiff's discussion with Reilly about her pregnancy plans, Defendants abruptly terminated Plaintiff's employment.

31.     Plaintiff was informed that the reason she was being terminated from her employment with Defendants was because her position was being "eliminated due to a reorganization."

32.     In a reference letter written by Reilly for Plaintiff, Reilly states "Unfortunately, ***due to Corporate restructuring and a move to have the accounting teams on-site at the local field offices***, Fuoma's role was eliminated here in Pennsylvania."

33.     In their Position Statement, sent to the EEOC in response to Plaintiff's Charge of Discrimination, Defendants assert that as part of a "company-wide restructuring and reorganization" Plaintiff's position was relocated to Kentucky (where Defendant Hutchins is based).

34.     Plaintiff is not aware of any other Staff Accountants or accounting teams within the King of Prussia location whose positions were eliminated or relocated to local field offices. In fact, Plaintiff is specifically aware of two Staff Accountants who remained working at the King of Prussia location after Plaintiff was terminated.

35.     Defendants further assert in their position statement submitted to the EEOC that Plaintiff's main responsibility was to support Defendant Hutchins – which is not true.

36.     Plaintiff equally supported Defendant Hutchins and Defendant Graycliff. This is evidenced by Plaintiff's work calendar (which shows her performing work for Defendant Hutchins and Defendant Graycliff), as well as the reference letter drafted by Reilly for Plaintiff, which clearly states in Defendants' management's own words: "Fuoma ***supported two Divisions*** within Unitek Global Services – Graycliff Enterprises, based out of North Carolina, and Hutchins Telecom, based out of Kentucky."

37.     Defendants presumably asserted this false statement to make it appear more plausible that Plaintiff's termination was legitimate rather than discriminatory because Defendant Hutchins is based in Kentucky, which is where Defendant argues Plaintiff's job was relocated to.

38.     However, Defendant Graycliff is based in North Carolina and upon information and belief (including information contained in Defendant's own Position Statement), there were no employees/accounting teams that were relocated to Graycliff's local field office in North Carolina as part of Defendants' alleged "restructuring."

39.     Based on the foregoing, Plaintiff believes and therefore avers that she as terminated from her employment with Defendants because of her pregnancy.

**First Cause of Action**
**Violations of Title VII/PDA**
**(Wrongful Termination – Pregnancy Discrimination)**
**-Against All Defendants-**

40.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41.     Based on the foregoing, Plaintiff believes and therefore avers that she was terminated because of her pregnancy.

42.     Plaintiff is qualified under Title VII and the PDA for protection because she was pregnant at the time of her unlawful termination.

43.     Defendants' action of terminating Plaintiff because of her pregnancy constitutes violations of Title VII/PDA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to

punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

*/s/ Ari R. Karpf*
Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square
Suit 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 25, 2021

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Fuoma Ali                                                   CIVIL ACTION

:

v.                                                          :

:

Unitek Global Services, Inc., et al.                        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.           ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                        (X )

| 1/25/2021 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _10 Torrington Lane, Willingboro, NJ 08046_

Address of Defendant: _2010 Renaissance Blvd., King of Prussia, PA 19406 / 1281 E. Blue Lick Rd., Shepherdsville, KY 40165 / 3302 Old Battleground Rd., Greensboro, NC 27410_

Place of Accident, Incident or Transaction: _Defendants place of business_

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _1/25/2021_ _____ _ARK2484 / 91538_
*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**    *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Ari R. Karpf_ , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _1/25/2021_ _____ _ARK2484 / 91538_
*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ALI, FUOMA

**(b)** County of Residence of First Listed Plaintiff  Burlington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

UNITEK GLOBAL SERVICES, INC., ET AL.

County of Residence of First Listed Defendant  Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1  U.S. Government Plaintiff

X 3  Federal Question
*(U.S. Government Not a Party)*

2  U.S. Government Defendant

4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>365 Personal Injury - Product Liability<br>367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 625 Drug Related Seizure of Property 21 USC 881<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>835 Patent - Abbreviated New Drug Application<br>840 Trademark | 375 False Claims Act<br>376 Qui Tam (31 USC 3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Sat TV<br>850 Securities/Commodities/ Exchange<br>890 Other Statutory Actions<br>891 Agricultural Acts<br>893 Environmental Matters<br>895 Freedom of Information Act<br>896 Arbitration<br>899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>710 Fair Labor Standards Act<br>720 Labor/Management Relations<br>740 Railway Labor Act<br>751 Family and Medical Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g)) | |
| 210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | 440 Other Civil Rights<br>X 441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>445 Amer. w/Disabilities - Employment<br>446 Amer. w/Disabilities - Other<br>448 Education | **Habeas Corpus:**<br>463 Alien Detainee<br>510 Motions to Vacate Sentence<br>530 General<br>535 Death Penalty<br>**Other:**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee - Conditions of Confinement | | **FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS—Third Party 26 USC 7609 | |
| | | | **IMMIGRATION**<br>462 Naturalization Application<br>465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

X 1  Original Proceeding

2  Removed from State Court

3  Remanded from Appellate Court

4  Reinstated or Reopened

5  Transferred from Another District *(specify)*

6  Multidistrict Litigation - Transfer

8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42ISC2000)
Brief description of cause:
Violations of Title VII, the PDA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
1/25/2021

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print   Save As...   Reset